UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-2055-MWF (AGRx)              Date:  May 5, 2015
Title:    Manuel Vasquez, et al. -v- Blue Cross of California

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER DENYING MOTION TO REMAND [11]

Before the Court is the Motion to Remand (the "Motion"), filed on April 6, 2015 by Plaintiffs Manuel Vasquez and Bethany Noel ("Plaintiffs"). (Docket No. 11). The Court has read and considered the papers, and a hearing was held on May 4, 2015. For the reasons set forth below, the Motion is **DENIED**.

**Background**

This action was originally filed in the Los Angeles Superior Court, on February 11, 2015. (Complaint, Notice of Removal Ex. A (Docket No. 1-2)). This class action Complaint brings claims against Defendant Blue Cross of California for invasion of privacy, negligence, and violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and California's Data Breach Act, Cal. Civ. Code §§ 1798.80 *et seq.* (*Id.*). Plaintiffs allege that Defendant failed to properly secure and protect the information of its current and past customers, and that as a result, on December 10, 2014 and February 4, 2015, third parties accessed Defendant's records and acquired the personal and sensitive information of millions of California residents. (*Id.* ¶¶ 4-5). Plaintiffs do not state an amount in controversy in this Complaint.

Defendant removed this action to this Court on March 19, 2015. (Docket No. 1). The Notice of Removal asserts jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Notice of Removal at 2). Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds

---

**CIVIL MINUTES—GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| **Case No.  CV-15-2055-MWF (AGRx)** | **Date:  May 5, 2015** |
| **Title:     Manuel Vasquez, et al. -*v*- Blue Cross of California** | |

the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity.  28 U.S.C. § 1332(d)(2).

Defendant also filed a Notice of Related Cases, specifying eight additional cases containing similar claims against Defendant.  (Docket No. 5).  Defendant indicated that these related cases are currently pending transfer to a pending action before the Judicial Panel on Multidistrict Litigation ("JPML").  (*Id.*).  On April 6, 2015, Plaintiffs filed the present Motion to Remand for lack of subject matter jurisdiction, arguing that "[t]his case does not arise under federal law, the only parties involved in this action are Californians, and the amount in controversy is not pled and cannot currently be known."  (Docket No. 11).

On April 8, 2015, Defendant filed a Motion to Stay Case Pending JPML Ruling on Section 1407 Transfer.  (Docket No. 12).  On April 13, 2015, Defendant filed an Opposition to Plaintiffs' Motion for Remand, arguing that either Plaintiff's Motion to Remand should be denied or that the Court should delay ruling on it, because Plaintiffs violated Local Rule 7-3 when they filed their Motion only five days after the parties' counsel met and conferred. (Docket No. 13 at 10-12).  Defendant asserts that Plaintiffs are seeking an unfair procedural advantage in having the Court decide their Motion to Remand before addressing the Motion to Stay and the pending cases before the JPML.  (*Id.* at 12).

On April 17, 2015, the district court (the Honorable Beverly Reid O'Connell, United States District Judge) issued an Order Requiring Evidence Re: Motion to Remand.  (Docket No. 16).  In the order, the district court concluded that "the Court must determine if it has subject matter jurisdiction before it can resolve substantive issues."  (*Id.* at 2 (citing *Potter v. Hughes*, 546 F.3d 1051, 1061 (9th Cir. 2008) ("[F]ederal courts normally must resolve questions of subject matter jurisdiction before reaching other threshold issues.  Only where the other issue itself creates the jurisdictional issue . . . or the resolution of the issue is clear while the jurisdictional issue is difficult, is it appropriate for the court to proceed without confirming jurisdiction."))).  The district court concluded that the request for a stay was a threshold issue other than subject-matter jurisdiction, which "should be resolved after

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-2055-MWF (AGRx)              Date:  May 5, 2015
Title:     Manuel Vasquez, et al. -v- Blue Cross of California

the Court resolves the question of subject-matter jurisdiction," quoting *Dent v. Lopez*, No. 1:14-CV-00442-LJO-SM, 2014 WL 3057456, at *4 (E.D. Cal. July 7, 2014).  The district court therefore elected to consider Plaintiffs' Motion despite their failure to comply with Local Rule 7-3.  (*Id.* at 2).

In order to evaluate the merits of the Motion, the district court ordered both sides to "submit evidence regarding whether the amount in controversy truly exceeds the CAFA jurisdictional threshold of $5 million and whether minimal diversity exists between the parties."  (*Id.* at 3-4).  The case was transferred to this Court on April 23, 2015.  (Docket No. 17).  On April 24, 2015, both Plaintiffs and Defendant filed their respective responses to Order Requiring Further Evidence Re Motion for Remand.  (Docket Nos. 18, 19).

**Evidentiary Issues**

In conjunction with its Response, Defendant filed a Request for Judicial Notice, asking that the Court take notice of an "enrollment summary report" published on the California Department of Managed Health Care's website.  (Docket No. 20).  As the material is a public document available on a government agency website that is not subject to reasonable dispute under Federal Rule of Evidence 201(b), the request for judicial notice is **GRANTED**.  *See Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (taking judicial notice of Food and Drug Administration Guidance Document regarding food labeling).

On April 27, 2015, Plaintiffs filed Objections to Defendant's Response to Order Requiring Further Evidence re Motion for Remand.  (Docket No. 21).  Plaintiffs argue that every single one of Defendant's exhibits—Exhibits A through JJ—are irrelevant and constitute hearsay, and must therefore be disregarded.

These objections appear to be largely unsubstantiated, and are raised as to every exhibit indiscriminately.  Plaintiffs cannot both demand that Defendant provide evidence to support the basis of the Court's jurisdiction, and then ask the Court to disregard this evidence with vague objections.  Moreover, the Court overrules objections as to relevance.  To the extent the exhibits have a bearing on the disposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-2055-MWF (AGRx)              Date:  May 5, 2015
Title:       Manuel Vasquez, et al. -v- Blue Cross of California

of the Motion, such portions are relevant and will be considered by the Court. Accordingly, these objections are **OVERRULED**.

### Discussion

The district court laid out the applicable law in its Order of April 17, 2015, and the Court adopts this summary here.

To remove a case to federal court under CAFA, a defendant must demonstrate that the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2). When determining the amount in controversy, courts first look to the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (addressing what proof a defendant seeking removal must produce to prove the amount in controversy requirement under CAFA when the complaint does not include a facially apparent amount in controversy, and vacating district court's remand order to allow for additional briefing). If the complaint is silent as to the amount in controversy, then the defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. *Id.*

The Supreme Court has recently held, however, that when a defendant removes an action pursuant to CAFA, the "defendant's notice of removal need include only a ***plausible*** allegation that the amount in controversy exceeds the jurisdictional threshold" of $5 million. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (emphasis added). Pursuant to 28 U.S.C. § 1446(a), the notice of removal need only "contain[] a short and plain statement of the grounds for removal," which is a standard that "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* at 553.

Where, as here, a plaintiff has challenged the amount in controversy asserted by a defendant, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-2055-MWF (AGRx) | Date:  May 5, 2015 |
| Title:      Manuel Vasquez, et al. -v- Blue Cross of California | |

F.3d at 1198.  The Court has now examined the additional evidence filed by the parties, and concludes that Defendant has met this burden of proof, both as to the minimal diversity requirement and as to the amount in controversy requirement.  The Court addresses each in turn.

### *Minimal diversity*

Minimal diversity exists under CAFA as long as ***one member*** of the proposed class is a citizen of a different state than the defendant.  28 U.S.C. § 1332(d)(2)(a).  Plaintiffs argue that this requirement cannot be met here because its class action Complaint is brought on behalf of only "California residents who currently are or formerly were subscribers to one of [Defendant's] health care plans and who information was in [Defendant's] control but was accessed by an unauthorized third party during a data breach that occurred sometime between December 1, 2014, and February 4, 2015."  (Compl. ¶ 19).  Plaintiffs argue that because Defendant is a California corporation, there is no diversity between the parties.

However, diversity for CAFA purposes is measured by class members' ***citizenship***, rather than by their residency.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957).  Defendant has presented evidence that in 2014, around 991 individuals participated in a "guest member" program "through which Anthem Blue Cross offered membership to insureds of other Blue Plans who are temporarily residing in California."  (Opp. at 16).  Defendant supported this assertion with the Declaration of Linette J. Aden, an employee of Anthem Blue Cross who manages the Away From Home Care Department for the states of California, Colorado, and Nevada.  (Docket No. 13-2).  In this declaration, Aden explained that the Away From Home program provides benefits to Anthem Blue Cross members and subscribers who currently reside in California, but live permanently in another state.  (*Id.* at ¶ 2).

Plaintiffs do not respond to this evidence.  Rather, they simply assert that they "have no evidence that any specific putative class member is a citizen of another state and thus cannot provide any further evidence on the subject of diversity to the Court."

---

**CIVIL MINUTES—GENERAL**                                                                5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-2055-MWF (AGRx)          Date:  May 5, 2015
Title:     Manuel Vasquez, et al. -v- Blue Cross of California

(Response at 2-3).  The Court concludes that Defendant has provided sufficient evidence to establish that minimum diversity exists.

### *Amount in Controversy*

To be removable under CAFA, the aggregate amount in controversy must exceed $5,000,000.  28 U.S.C. § 1332(d)(2).  Plaintiffs argue that this requirement cannot be met here because "it is impossible to determine the amount in controversy at this time."  (Response at 2).  Plaintiffs assert that the right they are claiming on behalf of the class is "so intangible that its value is entirely speculative," and thus "[a] determination as to what the actual amount in controversy is in this action can only be made by the finder of fact after the conclusion of a trial."  (*Id.*).

Defendant on the other hand, provides additional evidence to support its calculation that the amount in controversy is greater than $5,000,000.  First, Defendant points out that Plaintiffs' proposed class consists of all California residents who "currently are or formerly were" Anthem Blue Cross members, which is estimated to be somewhere between 3.1 and 13.5 million people.  Defendant supports the higher number with various media accounts that are reporting this number of people affected in California, along with a related case, also filed originally in state court, that lists this number as the size of the class.  (*See* Maddigan Decl., Exs. HH, II (Docket Nos. 18-35, 18-36)).  Defendant supports the more conservative figure with Anthem Blue Cross' "enrollment summary report" data from 2013.  (*Id.*, Ex. JJ).  Plaintiffs do not object to either of these estimates.

In their Complaint, Plaintiffs seek to recover restitution, injunctive and declaratory relief, statutory and consequential damages, special and general damages, and attorney's fees.  (Compl. ¶ 55).  Even using the conservative 3.1 million figure, the jurisdictional minimum would be satisfied even if each class member only received a recovery of $1.62.  Moreover, such "reasonable deductions, reasonable inferences, or other reasonable extrapolations," are permissible under the existing case law.  *See, e.g.*, *Ibarra*, 775 F.3d at 1197 (9th Cir. 2015) (explaining that such deductions, inferences, or extrapolations are "not akin to conjecture, speculation, or star gazing").

---

**CIVIL MINUTES—GENERAL**                                                           6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-2055-MWF (AGRx)            Date:  May 5, 2015
Title:     Manuel Vasquez, et al. -v- Blue Cross of California

As part of their claim for violations of California Business & Professions Code section 17200, Plaintiffs allege that "[a]s a direct and proximate result of [Defendant's] unlawful, unfair and fraudulent business practices, Plaintiffs and the Class have suffered injury in fact and lost money or property, in that they purchased retail health products they otherwise would not have purchased and paid more for these products than they otherwise would have paid."  (Compl. ¶ 33).  As Plaintiffs seek restitution on this claim, it is easy to see how each class member would claim an amount greater than $1.62.  It is therefore plausible that on this claim alone, the minimum threshold is met, even without accounting for any attorneys' fees award or statutory damages.  Moreover, the Court notes that the amount in controversy can include the costs to Defendant in complying with an injunction, which would certainly be a sizable amount in this case.

Plaintiffs do not actually challenge any of these calculations or otherwise provide conflicting evidence in their Response.  At the hearing, Plaintiffs reiterated that their concern stems from the lack of *evidence* that Defendant has presented to support the amount in controversy.  Plaintiffs suggest that without providing account premium data or other specific values, Defendant cannot meet its burden.  This is not, however, the burden established by the *Ibarra* court.  Defendant has provided sufficient evidence to support its claim that the amount in controversy is met.  Moreover, the general nature of Plaintiffs' claims, as pleaded in the Complaint, supports Defendant's assertion that the amount in controversy requirement is satisfied.

The Court disregards the argument that the existence of other class actions in federal court somehow demonstrates jurisdiction. (Defendant's Response at 8-9).  The Court is basing its ruling solely on the allegations in this Complaint and the evidence submitted.

**Conclusion**

The Court thus concludes that Defendant has met its burden in establishing the jurisdictional requirements under CAFA.  Plaintiffs' Motion is therefore **DENIED**.

IT IS SO ORDERED.